UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| KURT STUHLMACHER, | ) | |
|---|---|---|
| KELLY STUHLMACHER, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:10 CV 467 |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| TRICAM INDUSTRIES, INC., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiffs Kurt Stuhlmacher and Kelly Stuhlmacher ("the Stuhlmachers") filed a complaint in Indiana state court alleging that Mr. Stuhlmacher was injured while using a ten-foot Husky ladder manufactured by defendant Tricam Industries, Inc. ("Tricam") and sold by defendant Home Depot U.S.A., Inc. ("Home Depot"). (DE # 1 ¶¶ 4-7.) They have alleged claims of "negligence - strict liability," "negligence - failure to warn," negligence, breach of the warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and loss of consortium. Defendants removed the case to federal court. (DE # 2.) Defendants then filed joint motions to dismiss the Stuhlmachers' complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). (DE ## 6-9.) The Stuhlmachers have filed a response (DE # 10), and defendants have filed a joint reply. (DE ## 11-12.)

The Stuhlmachers allege that Mr. Stuhlmacher was properly using a ten-foot Husky ladder on October 31, 2008, while constructing the roof of a porch on a house. (DE # 1 ¶ 4.) They allege that while he was on the ladder, the rivets holding the support

arm on one side of the ladder failed causing the ladder to collapse. (*Id.*) Mr. Stuhlmacher alleges that he attempted to prevent his fall by grasping an overhead beam, causing serious injury to his left shoulder. (*Id.*) He then fell off the ladder and landed on top of it causing extensive injuries to his penis and lower back. (*Id.* ¶ 5.) He was treated at Pinnacle Urgent Care in Crown Point, Indiana for his injuries. (*Id.*) The Stuhlmachers claim that Mr. Stuhlmacher has incurred substantial medical expenses from his fall and that he continues to suffer from pain and discomfort which require him to abstain from sexual activity. (*Id.* ¶ 6.)

The Stuhlmachers allege that Tricam and Home Depot continued to manufacture and sell the defective Husky ladders even after they were put on notice of serious injuries resulting from the ladders. (*Id.* ¶ 7.) They allege that defendants have been subject to numerous complaints and lawsuits arising from personal injuries caused by use of Husky brand ladders. (*Id.*) They allege that defendants continue to manufacture and sell the ladders without warning consumers or recalling the ladders. (*Id.*)

The Stuhlmachers plead that defendants "failed to properly package or label the [ladder] with reasonable warnings about the dangers of the [ladder]" and failed to give reasonably complete instructions about the proper use of the ladder. (*Id.* ¶ 21, 23.) They also plead that defendants knew that the ladder "was likely to be dangerous when used in the manner employed by the plaintiff and had no reason to believe that the plaintiff would have realized the dangerous condition." (*Id.* ¶ 22.) They claim that by exercising

2

reasonable diligence, defendants could have made warnings or instructions available to consumers. (*Id.* ¶ 24.)

Defendants argue that the Stuhlmachers' complaint, particularly counts I, IV, and V, should be dismissed under RULE 12(b)(6) because it "is largely comprised of legal conclusions and mere recitals of the elements of the claim at issue without sufficient factual enhancement necessary to state claims for relief." (DE # 7 at 3-4.) Defendants contend that the Stuhlmachers have not alleged specific facts to support their claims that defendants failed to "properly package, give instructions, warn of inherent risks or advise on proper use of the ladder." (*Id.*) They state that the Stuhlmachers have not alleged "what warnings or instructions were insufficient and what warnings or instructions should have been given." (*Id.*)

Further, defendants take issue with the Stuhlmachers' request for "punitive damages due to the Defendants' malice, fraud, gross negligence, and oppressiveness." (*Id.* at 4; DE # 1 at 8.) Defendants contend that this request is not properly pleaded because, as they state, claims of "fraud and/or malice" must be plead with particularity as required by RULE 9(b).[1] (DE # 7 at 4.)

In response, the Stuhlmachers argue that their complaint should be evaluated according to Indiana pleading standards because it was filed in state court prior to

---

[1] Defendants appear to argue that claims of malice need to be alleged with particularity according to RULE 9(b). (DE # 7 at 4.) This is incorrect. While the circumstances constituting fraud must be plead with particularity, malice, and other conditions of a person's mind, may be plead generally. *See* FED. R. CIV. P. 9(b).

3

removal to federal court and under FEDERAL RULE OF CIVIL PROCEDURE 81(c)(1) the federal rules only apply after a case is removed. (DE # 10 at 3.) They argue that under Indiana pleading standards they do not have to plead facts for each element of a claim. (*Id.*) The Stuhlmachers further contend that defendants improperly moved to dismiss the complaint as they should have moved under RULE 12(e) for a more definite statement instead. (*Id.* at 4.) The Stuhlmachers also contend that their complaint is not subject to RULE 9 standards because they are not alleging fraud under RULE 9(b) or special damages under RULE 9(g). (*Id.* at 5.) The Stuhlmachers argue that defendants' motion to dismiss is a vexatious motion filed for the purpose of delay, and because of this, the court should order defendants to pay the Stuhlmachers' reasonable attorney fees for responding to the motion. (*Id.* at 6.)

Defendants counter that federal courts routinely apply FEDERAL RULE OF CIVIL PROCEDURE 8(a) in evaluating the sufficiency of complaints after removal. (DE # 11 at 2.) Therefore, they argue that RULE 8 and the *Twombly* and *Iqbal* standards provide the basis for evaluating their motion to dismiss. (*Id.* at 2-3.) They argue that they were not required to move for a more definite statement before moving to dismiss the complaint. (*Id.* at 3.) They also contend that the Stuhlmachers are basing their claim for punitive damages in part on the defendants' alleged fraud and allegations of fraudulent conduct are subject to RULE 9(b). (*Id.* at 4.)

The court must first determine whether the complaint should be evaluated under federal or state standards. FEDERAL RULE OF CIVIL PROCEDURE 81(c)(1) provides that the

4

FEDERAL RULES OF CIVIL PROCEDURE apply to a civil action after it has been removed from state court. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda County*, 415 U.S. 423, 437 (1974) (stating "once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal"); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 628 (7th Cir. 2007); *Deloria v. Scerpella*, 1991 U.S. App. LEXIS 15906 (7th Cir. July 15, 1991) (unpublished).

In *Johnson v. Hondo, Inc.*, the plaintiff filed his complaint in state court and the defendant removed it to federal court and filed a motion to dismiss. 125 F.3d 408, 410 (7th Cir. 1997). In considering the motion, the district court judge applied the state court's heightened pleading standards. *Id.* at 417. The United States Court of Appeals for the Seventh Circuit stated that "it is rudimentary" that pleading requirements in the federal courts are governed by the federal rules and stated that "federal courts may not impose heightened pleading requirements except where such requirements are found in the federal rules." *Id.* at 417-18. Accordingly, the Seventh Circuit and federal district courts have applied federal law when considering RULE 12(b)(6) motions in removed actions. *See e.g., Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 521 (7th Cir. 2003); *Payton v. Rush-Presbyterian St. Luke's Med. Ctr.*, 184 F.3d 623, 626 (7th Cir. 1999); *Caldwell v. Jones,* 513 F. Supp. 2d 1000, 1003 (N.D. Ind. 2007).

Some Seventh Circuit case law can be read to suggest that state law governs the standards for complaints filed in state court. In *Ciomber v. Coop. Plus, Inc.*, the plaintiff

argued that the defendant should be seen to have admitted certain allegations in the complaint because it did not sufficiently deny them as required by state law. 527 F.3d 635, 644 (7th Cir. 2008). The Seventh Circuit determined that the answer should be evaluated based on state law and reasoned:

> Normally, we are guided by the FEDERAL RULES OF CIVIL PROCEDURE when addressing the sufficiency of pleadings, see Fed. R. Civ. P. 1, 8(b), but because [the plaintiff's] complaint and [the defendant's] answer were filed in Illinois state court before this action was removed, we must apply Illinois's standards.

*Id.* (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001)). A district court has interpreted the reasoning in *Romo*, relied upon in *Ciomber*, to apply only "to the literal form and sufficiency of the pleadings, *i.e.*, service or timeliness," and refused to extend it to mean that state law governs the substantive sufficiency of the pleadings as evaluated under RULE 12(b)(6). *See e.g., Harris v. City of Seattle*, No. C02-2225P, 2003 U.S. Dist. LEXIS 3553, at *5-7 n.5 (W.D. Wash. Mar. 3, 2003). The court finds this interpretation of the limits on *Romo* and *Ciomber* to be persuasive. Further after *Ciomber*, the Seventh Circuit held that the federal rules applied when evaluating the substantive sufficiency of a complaint in a removed action. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 670 (7th Cir. 2008) (stating: "We can see no reason . . . why the standards of RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE, rather than Illinois fact pleading requirements, should not apply here.").

In fact, numerous courts that have considered whether federal or state standards should be used to evaluate the substance of a complaint after removal have determined

that federal law applies. *Henderson v. Food Lion, Inc.*, Nos. 90-2048, 90-2076, 1991 U.S. App. LEXIS 96, at *6-7 (4th Cir. Jan. 7, 1991) (unpublished); *Sibel Prods. v. Gaming Partners Int'l Corp.*, No. 09-cv-87, 2009 U.S. Dist. LEXIS 119703, at *6-7 (S.D. Ill. Dec. 23, 2009); *Lin v. Chase Card Servs.*, No. 09-5938, 2010 U.S. Dist. LEXIS 29120, at *7 n.2 (D.N.J. Mar. 26, 2010); *Maness v. Boston Sci.*, No. 3:10-cv-178, 2010 U.S. Dist. LEXIS 118748, *10 (E.D. Tenn. Nov. 4, 2010) (stating that pursuant to RULE 81(c), RULE 8(a)(2) and *Twombly's* plausibility standard apply to evaluate the substantive sufficiency of a complaint after removal to federal court); *Wendell v. Johnson & Johnson*, No. C 09-04124, 2010 U.S. Dist. LEXIS 4188, at *7 (N.D. Cal. Jan. 20, 2010) ("RULE 12(b)(6) motion considers the substantive sufficiency of the pleadings as if the action had never been in state court."). *But see Maddox v. Ga. Dep't of Human Servs. Div. of Family & Children Servs.*, No. 1:10-cv-2742, 2010 U.S. Dist. LEXIS 122804, at *9 n.1 (N.D. Ga. Nov. 19, 2010) (finding that the state's expert affidavit requirement applied to the complaint when both it and the motion to dismiss were filed in state court prior to removal).

FEDERAL RULE OF CIVIL PROCEDURE 81(c) states that "[a]fter removal, repleading is unnecessary unless the court orders it." Thus, as the Stuhlmachers point out, when the federal standards are heightened over state standards, it is appropriate for the court to order dismissal with the opportunity to replead rather than to dismiss the complaint altogether.[2] In *Bartlett v. Frederick County*, the plaintiffs filed their complaint in state

---

[2] The court notes that it is not clear that the federal pleading standards are higher than that of the state of Indiana. INDIANA RULE OF TRIAL PROCEDURE 8(A) requires a

7

court and after removal, the federal court dismissed the complaint for failure to comply with FEDERAL RULE OF CIVIL PROCEDURE 9(b). 246 F. App'x. 201, 203 n.2 (4th Cir. Aug. 21, 2007) (unpublished). The appellate court concluded that "[i]n these circumstances, Appellants should be given the opportunity to amend their complaint prior to dismissal." *Id; see also Stearns v. Select Comfort Retail Corp.*, No. 08-2746, 2008 U.S. Dist. LEXIS 84930, at *4-7, *23 (N.D. Cal. Sept. 30, 2008); *cf. Henderson*, 1991 U.S. App. LEXIS 96, at *6-7.

Accordingly, this court will apply federal pleading standards in evaluating defendants' motion to dismiss and will allow repleading if the complaint falls short of federal standards. When considering a RULE 12(b)(6) motion to dismiss, the court accepts all of "the complaint's well-pleaded allegations as true" and draws "all favorable inferences for the plaintiff." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). *See also Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010) ("There are no special pleading requirements for product liability claims"). To satisfy RULE 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

---

"short and plain statement" just like the federal rules. Further, INDIANA RULE OF TRIAL PROCEDURE 9(B) requires that "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically averred. Malice, intent, knowledge, and other conditions of mind may be averred generally." This language is substantially similar to that of the federal rules.

8

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Supreme Court has held that to survive a motion to dismiss, a complaint must be plausible on its face, meaning that the plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions," and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). In other words, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *Sanjuan*, 40 F.3d at 251 (stating that the plaintiff does not need to plead facts that establish each element of a cause of action and that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint").

Pursuant to RULE 9(b), allegations of fraud need to be alleged with particularity, though "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." For a claim of fraud, the pleader must identify the person who made the misrepresentation; the time, place, and content of the misrepresentation; and the way in which the misrepresentation was communicated to the pleader. *Gen. Elec. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).

9

The Stuhlmachers' complaint gives "enough detail" about their claims of negligence, strict liability, breach of warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and loss of consortium to "present a story that holds together." *Swanson*, 614 F.3d at 404. The complaint presents a plausible product liability claim.[3] In *Bausch*, the Seventh Circuit found that the plaintiff had stated a product liability claim under Illinois law that met the standards of *Iqbal* and *Twombly*. 630 F.3d at 558. There, the plaintiff pleaded that the defendant had notice from the FDA and through complaints that its hip replacement device was failing after it was implanted. *Id.* at 559. The court held that the complaint was sufficient even though it did not identify the particular defect. *Id.* at 560.

Here, the Stuhlmachers' complaint specifies the defect in the product - the failure of the rivets in one of the arms. (DE # 1 ¶ 4.) It alleges that Mr. Stuhlmacher was using the product for its ordinary purpose and was injured by it. (*Id.* ¶¶ 4-6.) It also alleges that defendants had knowledge of the defects and failed to warn consumers about the

---

[3] Indiana's Product Liability Act ("IPLA") governs "all actions that are: (1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by a product; regardless of the substantive legal theory or theories upon which the action is brought." IND. CODE § 34-20-1-1. Thus, it is likely that Mr. Stuhlmachers' tort claims will be merged into one claim under the IPLA. *Am. Int'l Ins. Co. v. Gastite*, No. 1:08-cv-1360, 2009 U.S. Dist. LEXIS 41529 at *12 (S.D. Ind. May 14, 2009); *Bourne v. Marty Gilman, Inc.*, No. 1:03-cv-1375, 2005 U.S. Dist. LEXIS 15467 at *9 n.2 (S.D. Ind. July 20, 2005).

A plaintiff has a claim under the IPLA if a party puts a product into the stream of commerce in a "defective condition unreasonably dangerous to any consumer" and the plaintiff is a user or consumer in "the class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition." IND. CODE § 34-20-2-1. Accordingly, the complaint sufficiently alleges a claim under the IPLA.

defects or to recall the product. (*Id.* ¶ 7.) This is sufficient to state a claim for product liability. Contrary to defendants' assertions, to survive a motion to dismiss under the plausibility standards, the Stuhlmachers do not have to have alleged specific facts about how defendants' warnings were defective. *Irwin v. Belimed, Inc.*, No. 1:10-cv-364, 2011 U.S. Dist. LEXIS 4189, at *8 (N.D. Ind. Jan. 14, 2011); *Hemme v. Airbus,* No. 09 C 7239, 2010 U.S. Dist. LEXIS 31920 at *3 (N.D. Ill. Apr. 1, 2010) (stating in a products liability case that "a plaintiff must merely present enough facts to raise a reasonable expectation that discovery will reveal evidence that supports the plaintiff's allegations") (quoting *Twombly*, 550 U.S. at 556). The allegations that the Stuhlmachers have already made are enough to show that they may be able to discover consistent additional facts showing that defendants did not provide appropriate instructions or warnings for the ladder - the Stuhlmachers do not have to be able to present that evidence at this stage. *Pellazari v. Mylan, Inc.*, No. 3:10-cv-278, 2010 U.S. Dist. LEXIS 86404, at *4-5 (S.D. Ill. Aug. 20, 2010). Thus the complaint meets the plausibility standard under RULE 8(a).

The court now addresses whether the Stuhlmachers were required to plead any part of their complaint with particularity. The Stuhlmachers have pleaded a claim for punitive damages based on the defendants' "malice, fraud, gross negligence, and oppressiveness." (*Id.* at 4; DE # 1 at 8.) In Indiana, punitive damages may be awarded if the defendant acted with fraud, malice, gross negligence or oppression, and if it appears that the public interest would be served by the deterrent effect of punitive damages.

11

*Hibschman Pontiac Inc. v. Batchelor,* 362 N.E.2d 845, 847 (Ind. 1977). Since fraud does not need to be proven to recover for punitive damages, in general the grounds for punitive damages do not have to plead with particularity. *Gorman v. Saf-T-Mate, Inc.,* 513 F. Supp. 1028, 1037 (N.D. Ind. 1981) (citing *Prudential Ins. Co. v. Executive Estates*, 369 N.E.2d 1117, 1131 (Ind. Ct. App. 1977)). However, in this case the Stuhlmachers based their request for punitive damages in part on fraud. The complaint does not allege the "who, what, where, and when of the alleged fraud" as required by RULE 9(b). *Ackerman v. Northwestern Mut. Life Ins.,* Co. 172 F.3d 467, 469 (7th Cir. 1999). If the Stuhlmachers' wish to base their claim for punitive damages on the defendants' fraud, they must plead the underlying conduct with particularity as required by RULE 9(b). *See e.g., In re Bridgestone/Firestone Inc. ATX ATX II, Wilderrness Tires Prod. Liab. Litig.,* No. IP 01-5252, 2002 WL 31689264, at *8 (S.D. Ind. 2002).

Even if the Stuhlmachers do not base their claim of punitive damages on fraud, they need to plead some general allegations that are consistent with a claim for punitive damages under Indiana law. *Gorman,* 513 F. Supp. at 1037. The current complaint includes allegations consistent with gross negligence, but it does not provide general allegations of the defendants' malicious or oppressive conduct. The Stuhlmachers' claim for punitive damages will be dismissed with leave to file an amended complaint within 30 days of entrance of this order. *In re Bridgestone/Firestone Inc.,* 2002 WL 31689264, at *8.

In conclusion, Home Depot and Tricam's motions to dismiss (DE ## 6-9) are **DENIED** in part and **GRANTED** in part. The Stuhlmachers' claim for punitive

damages is **DISMISSED** and the Stuhlmachers are **GRANTED** 30 days from entrance of this order to amend their complaint. The motion is **DENIED** as to the rest of the complaint. The court does not find that the award of attorney fees is appropriate in this situation, so the Stuhlmachers' request for attorney fees is **DENIED**.

**SO ORDERED.**

Date: May 11, 2011

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT