UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KURT STUHLMACHER,                )
KELLY STUHLMACHER,               )
                                 )
          Plaintiffs             )
                                 )
     v.                          )   CIVIL NO. 2:10 cv 467
                                 )
THE HOME DEPOT USA, INC.,;       )
TRICAM INDUSTRIES, INC.,         )
                                 )
          Defendants             )

<u>OPINION AND ORDER</u>

This matter is before the court on the Motion to Strike Plaintiffs' Supplemental Expert Witness Report and Bar Testimony [DE 34] filed by the defendants, Home Depot USA, Inc. and Tricam Industries, Inc., on August 6, 2012.  For the reasons set forth below, the motion is **GRANTED.**

<u>Background</u>

This matter arises from injuries the plaintiff, Kurt Stuhl-macher, suffered when he fell from a ladder manufactured and sold by the defendants.  The court held a Rule 16 preliminary pretrial conference on September 2, 2011.  At the conference, the court established March 16, 2012, as the deadline for the plaintiffs to serve their expert witness disclosures and reports, and May 2, 2012, for the defendants to serve their expert reports.  Discovery was set to close on May 31, 2012, but was extended until July 2, 2012.  After receiving an extension of time, the plaintiffs

served their expert disclosures and reports on March 23, 2012. The plaintiffs identified Dr. Thomas F. Conry, Laurence Adan Levine, M.D., Donald W. Kucharzyk, D.O., and Jill Adams as their experts.

In his report, Dr. Conry hypothesized that the ladder had a manufacturing defect because the rivets used to fasten the spreader bar bracket to the right rear rail of the ladder did not have an annular lip on the underside of the heads and the rivet head diameters were too narrow.  The rivet head size and shape resulted in the rivets being forced into the rails, cracking them, and as a result, the bracket/rail connection was weakened and failed when Stuhlmacher stood on the ladder.  The defendants deposed Dr. Conry regarding his opinions on April 9, 2012.

The following month, the defendants disclosed their expert witness and delivered a copy of his report to the plaintiffs. The plaintiffs took his deposition and a week later, on July 10, 2012, they e-mailed a Supplemental Expert Witness Report of Thomas F. Conry to the defendants.  In his supplemental report, Dr. Conry stated that the ladder was defective because the rivets at issue were too long, causing the partial failure of the bracket/leg connection.  The defendants have moved to strike Dr. Conry's supplemental report, arguing that it is untimely and not

contemplated by the Federal Rules of Civil Procedure or the court's scheduling order.  The plaintiffs oppose this motion.

<u>Discussion</u>

Federal Rule of Civil Procedure 26(a)(2)(D) states that a party must make expert disclosures "at the time and in the sequence that the court orders."  If the court does not set a date, the parties must make their expert disclosures at least 90 days before trial or "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure."  Rule 26(a)(2)(D)(ii). The parties have a duty to supplement any incorrect or incomplete information that was provided in an expert's report or deposition.  Rule 26(e)(2).  Any supplemental information must be disclosed by the time the party's pretrial disclosures are due. Rule 26(e)(2).

The court treats new information separately from supplemental information.  ***Trinity Homes, LLC v. Ohio Casualty Insurance Co. Group***, 2011 WL 2261297, *3 (S.D. Ind. June 8, 2011)***; Carter v. Finely Hospital***, 2003 WL 22232844, *2 (N.D. Ill. Sept. 22, 2003).  "It is disingenuous to argue that the duty to supplement under Rule 26(e)(1) can be used as a vehicle to disclose entirely new expert opinions after the deadline established by the court

3

under Rule 26(a)(2)(c).  This is particularly true where, as here, the materials on which the new expert opinions are based were available to the Defendant prior to Plaintiff deposing her expert witness." *Carter*, 2003 WL 22232844 at *2.  "[A]n expert report that discloses new opinions is in no way a mere supplement to a prior report." *Trinity*, 2011 WL 2261297 at *3.  New opinions advanced after the court ordered deadline are a violation of the scheduling order.  *Carter*, 2003 WL 22232844 at *2.

Federal Rule of Civil Procedure 37(c)(1) states that a party who fails to disclose information required by Rule 26(a)(2) or 26(e)(1) is prohibited from using the evidence at trial unless such failure was harmless or justified.  The burden to show that the reports were supplements rather than new reports, or that late disclosure of a new expert opinion was substantially justified or harmless, is on the party who either missed the deadline or is seeking to supplement the report.  *Trinity*, 2011 WL 2261297 at *3.  The court must consider the following four factors when determining whether the untimely disclosure is harmless and deciding whether to prohibit late disclosure: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the availability of the party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier

4

date." *Trinity*, 2011 WL 2261297 at *4; *Carter,* 2003 WL 22232844 at *2 (*quoting* ***David v. Caterpillar, Inc.***, 324 F.3d 851, 857 (7th Cir. 2003)).

The parties dispute whether the information contained in Dr. Conry's supplemental report constituted a new opinion.  It was Dr. Conry's opinion throughout the course of litigation that the ladder was not built according to the design specifications.  In his initial report, Dr. Conry stated that the rivets used on the ladder were inconsistent with the design because they did not have an annular lip on the underside of the heads and the rivet head diameters were too narrow.  The plaintiffs argue that Dr. Conry's supplemental report simply adds a third dimension — that the rivets also were incorrect because they were not the size called for in the design.  The plaintiffs believe that Dr. Conry's opinion has not changed because he continues to maintain that the ladder broke because the incorrect rivets were used, and that his opinion as to the size of the rivets simply is a third dimension to his earlier report.

Although Dr. Conry maintains that the incorrect rivets were used in his supplemental report, he has now advanced the theory that the rivets were wrong for a new reason, their size.  Although Rule 26(e) "does not itself define the word 'supplement' except in terms of requiring a timely supplement to fix a discov-

ery response that is incorrect or incomplete in a material respect, common sense suggests (and numerous decisions confirm) that an expert report that discloses new opinions is in no way a mere supplement to a prior report." *Trinity*, 2011 WL 2261297 at *3 (*citing* *Barlow v. General Motors Corp.*, 595 F.Supp.2d 929, 935-36 (S.D. Ind. 2009); *In re Ready—Mixed Concrete Antitrust Litigation*, 261 F.R.D. 154, 159 (S.D. Ind. 2009); *Welch v. Eli Lilly & Co.*, 2009 WL 700199, *4 (S.D. Ind. March 16, 2009); *Allgood v. General Motors Corp.,* 2007 WL 647496, *3 (S.D. Ind. Feb. 2, 2007)). Dr. Conry's report does not correct or enhance his pre-existing theory. Rather, it puts forth a new potential cause for the incident. The information on which Dr. Conry based his opinion was available prior to the defendants deposing him, and the plaintiffs have given no explanation for the late addition to the report. A litigant cannot use a supplemental report to "sandbag one's opponent with claims and issues which should have been included in the expert witness' report." *In re Ready-Mixed Concrete*, 261 F.R.D. at 159.

Having established that Dr. Conry's supplemental report contains new opinions, the court must consider whether the untimely disclosure was substantially justified or harmless. The court set the expert disclosure deadlines so that the plaintiffs first had to disclose their experts on March 23, 2012, and the

defendants on May 9, 2012.  The plaintiffs waited until after the defendants disclosed their expert, and after they took the defendants' expert's deposition to "supplement" their own expert report to contradict the defense expert's opinion.  This tactic undermines the court's authority to set forth the deadlines and order of production.  *See* Rule 26(a)(2)(D) (explaining that expert disclosures must be made at the time in the sequence ordered by the court).  The plaintiffs are attempting to circumvent the court's order by supplying a new expert report after the defendants and after the deadline established by the court.  The supplemental report was designed to contradict the defendants' expert's opinion with information that was available to the plaintiffs' expert at the time of his original report.  The only argument the plaintiffs have advanced is that the supplemental report was timely and considered by the Federal Rules of Civil Procedure.  However, not only was Dr. Conry's supplemental report a new report rather than a supplemental report, but neither the federal rules nor the court's scheduling order provided for the submission of new or supplemental expert reports.  The plaintiffs have failed to point to any justification for submitting this additional theory after the deadline and after the defendants' expert gave his opinion.

When determining whether an untimely expert report is harmless, the court must weigh the potential prejudice to the defendants, the ability to cure the prejudice, the likelihood of disruption at trial, and the bad faith on not disclosing the information earlier. *David*, 324 F.3d at 857. The plaintiffs provided their supplemental report after the defendants took Dr. Conry's deposition and after the close of discovery. It would be prejudicial to the defendants to allow Dr. Conry's supplemental report to stand without affording them an opportunity to conduct discovery and re-opening discovery would delay the resolution of this motion. "[T]he court has the obligation and the right to enforce adherence to its case management plans to ensure the just, speedy, and inexpensive determination of matters brought before it." *Trinity*, 2011 WL 2261297 at *5. "A schedule may be modified only for good cause and with the judge's consent." Federal Rule of Civil Procedure 16.

Although this matter is not yet set for trial, re-opening discovery would cause further delay and push back the dispositive motion deadline. Altering the case management deadlines at this point is not warranted in light of the plaintiffs' failure to provide any justification for not disclosing Dr. Conry's opinion within the time set by the court even though  that information was available to Dr. Conry at the time he gave his original

opinion.  Because of this, the potential prejudice to the defen-
dants is great, weighing in favor of striking Dr. Conry's supple-
mental opinion.

Additionally, the *Trinity* court found bad faith where the
party attempting to introduce a new expert opinion did not seek
leave to serve the untimely expert report and attempted to
disguise what was clearly a new opinion as a supplemental report.
*Trinity*, 2011 WL 2261297 at *5.  Here, the plaintiffs made an
identical error and attempted to introduce a new opinion as a
supplemental report without leave of court, providing another
justification for striking Dr. Conry's supplemental expert
opinion.

————————————

Based on the foregoing, the Motion to Strike Plaintiffs'
Supplemental Expert Witness Report and Bar Testimony [DE 34]
filed by the defendants, Home Depot USA, Inc. and Tricam Indus-
tries, Inc., on August 6, 2012, is **GRANTED**.  The court **DIRECTS**
that dispositive motions are due on or before December 21, 2012.

ENTERED this 19th day of November, 2012.

s/ ANDREW P. RODOVICH
United States Magistrate Judge

9