IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KURT STUHLMACHER and )
KELLY STUHLMACHER, )
 )
    Plaintiffs, )
 )
    v. ) Cause No.: 2:10-CV-00467-APR
 )
THE HOME DEPOT U.S.A., INC. )
and TRICAM INDUSTRIES, INC. )
 )
    Defendants. )

OPINION AND ORDER

This matter is before the court on the Motion for Leave to Take a 30(b)(6) Deposition or to Seek Leave for Trial Deposition of Dennis Simpson [DE 55] filed by the plaintiffs on January 10, 2014, and the Motion to Strike Defendants' Reply to Plaintiffs' Brief [DE 59] filed by the plaintiffs on January 17, 2014.  For the following reasons, the Motion for Leave to Take a 30(b)(6) Deposition or to Seek Leave for Trial Deposition of Dennis Simpson [DE 55] is **DENIED**, and the Motion to Strike Defendants' Reply to Plaintiffs' Brief [DE 59] is **DENIED.**

*Background*

The plaintiff, Kurt Stuhlmacher, purchased a ladder that he alleges collapsed beneath him on October 31, 2008, causing injuries.  The defendants, The Home Depot U.S.A., Inc. and Tricam Industries, Inc., were involved in the production and distribution of the ladder.  During the discovery process, the plaintiffs deposed Dennis Simpson, an employee of Tricam who was involved with the product development and design of the ladder.  The plaintiffs believed that Simpson would be present to testify as a witness at trial.  The parties dispute whether Tricam

1

ever gave the plaintiffs reason to believe that Simpson or another Tricam representative would be present at the trial. The plaintiffs now move for leave to conduct a deposition of a Tricam representative or to conduct a video deposition of Simpson. This matter is scheduled for trial to begin April 7, 2014.

*Discussion*

On December 6, 2013, the court ordered both parties to file a brief by January 10, 2014, addressing whether the plaintiffs should be permitted to take the video deposition of Simpson. Both parties filed a brief on that date. *See* DE 54 & 55. On January 15, 2014, the defendants submitted a letter seeking leave to file a response to the plaintiffs' brief, and filed their response contemporaneously. The plaintiffs now move to strike the defendants' response, arguing that the court expressly and clearly established one deadline for both parties to follow and that the defendants failed to comply with this deadline. As the defendants point out, they did comply with the deadline and filed a brief on this date. They now argue that the plaintiffs raised additional issues that had not been discussed at the parties' pretrial conference, including the plaintiffs' request to take a Rule 30(b)(6) deposition of a Tricam representative, and ask the court for leave to respond to these issues. Because the record reflects that the defendants did comply with the court's directive, but wish to address additional arguments, the court DENIES the plaintiffs' Motion to Strike.

The plaintiffs now move to take the deposition of Simpson and a Tricam Corporation representative, arguing that a change in the Federal Rules of Civil Procedure has made it necessary and that this court has recognized a distinction between trial depositions and discovery depositions, rendering their request timely. Under Federal Rule of Civil Procedure 16(b), the court is required to issue a scheduling order setting forth the deadlines for the parties to complete

discovery and file motions. "A schedule may be modified only for good cause and with the judge's consent." **Rule 16(b)(4).** Good cause is shown when despite a party's diligence, the deadlines could not reasonably have been met. *See* **Link v. Taylor**, 2009 WL 281054, *2 (N.D.Ind. Feb.2, 2009).

During the discovery period, the parties may obtain discovery of anything that may lead to relevant evidence through a variety of tools. **Federal Rule of Civil Procedure 26(b)(1).** As one tool of discovery, **Federal Rule of Civil Procedure 32(a)(4)(C),** permits parties to take depositions of anyone whose testimony may lead to relevant, admissible evidence. Because discovery is conducted for the purpose of gathering new information, some courts have drawn a distinction between depositions taken during the course of discovery, with the goal of ascertaining new information, and trial depositions taken to preserve information that the party already has knowledge of, but would be otherwise unavailable. *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 124–25 (S.D.Ind. 1991); *Charles v. Wade*, 665 F.2d 661, 665 (5th Cir. 1982). The courts that have recognized the practice of taking trial depositions have found them to be outside the scope of discovery and not bound by the court's scheduling order because they differ from discovery depositions. *Spangler*, 138 F.R.D. at 125 ("[T]his court expected that the parties would not be guided merely by the express terms of this court's order"); *Charles*, 665 F.2d at 665.

When a party opposes a trial deposition scheduled for after the close of discovery, the court must assess whether the deposition is being taken for the purpose of preserving testimony or whether it is a pretext for the party's failure to procure the deposition during the discovery period. *Charles,* 665 F.2d at 665. The court should consider a variety of factors in making this

determination, including the unavailability of the witness for trial, the potential for prejudice to the opposing party, and whether the deposing party knew the information the potential witness would testify to prior to the deposition. *Charles*, 665 F.2d at 664–65. Special emphasis should be placed on the potential for prejudice because the witness' unavailability may not be known until shortly before trial, and given the nature of depositions, both parties are likely to learn new information. *Spangler,* 138 F.R.D. at 124. If the court permits a trial deposition to be taken, and it is later revealed that the party who requested the deposition took it solely for discovery purposes rather than to memorialize testimony for later use at trial, sanctions may be issued against that party for violating the court's scheduling order. *Spangler*, 138 F.R.D. at 124. The court's determination is subject to an abuse of discretion review. *Charles*, 665 F.2d at 667.

However, other courts have rejected the distinction between a trial deposition and discovery deposition.  See *Anderson v. Procter & Gamble Paper Products Co.*, 2013 WL 5651802, *2 (E.D. Wis. Oct. 15, 2013); *BondPro Corp. v. Siemens Westinghouse Pwr. Corp*., 2005 WL 256488 (W.D. Wis. Jan. 31, 2005).  The *Anderson* court explained that there was nothing to stop the party from conducting the deposition during the discovery period and that recognizing trial depositions would create a burdensome analysis.  "When the scheduling order governing an action already provides concrete deadlines for discovery, including depositions, there would seem to be little upside to engaging in an analysis merely to allow "trial depositions" that could have occurred within the confines of the discovery schedule." *Anderson*, 2013 WL 5651802, at *2.  The *Anderson* court further noted that Rule 16 was amended to create a comprehensive framework for setting deadlines, preventing the last-minute trial depositions. *Anderson*, 2013 WL 5651802, at *3.

Under Rule 16's comprehensive scheme, it is not clear that a "trial deposition" is contemplated by the Federal Rule. Assuming that trial depositions no longer are recognized, Rule 16 allows the court to amend the discovery deadlines only upon a showing of good cause. The plaintiffs argue that they have demonstrated good cause because Federal Rule of Civil Procedure 45 was amended on December 1, 2013, after discovery closed, to limit the court's power to subpoena corporate representatives more than 100 miles from their place of residence. The plaintiffs argue that prior to this amendment "the argument could be made that corporate representatives could be compelled to testify more than 100 miles from their place of residence because they were officers of a party and not third party witnesses." (Pl.'s Br. p. 3) Even the plaintiffs' argument casts doubt on whether the court had this power prior to the amendment.

The version of Rule 45 in effect at the commencement of this case stated that the court must quash a subpoena that requires a person "who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business . . ." Although most courts agreed that the plain language of the Rule 45 prior to its amendment extended the court's subpoena power beyond 100 miles for parties and their officers, a minority of courts, including a district court within the Seventh Circuit, rejected the principle that Rule 45 altered the longstanding geographic limitations of a district court's subpoena power. *See* ***Jamsport Entertainment, LLC v. Paradama Productions, Inc***., 2005 WL 14917, *1 (N.D. Ill. Jan. 3, 2005) (rejecting argument that subpoena power reached beyond 100 miles for corporate executives); ***Johnson v. Land O'Lakes***, Inc., 181 F.R.D. 388, 396-97 (N.D.Iowa 1998)(same), *but see* ***Am. Fed. of Gov't Employees Local 922 v. Ashcroft***, 354 F.Supp.2d 909, 915 (E.D.Ark.2003); ***In re Ames Dep't Stores, Inc., No.*** CIV.A. 01-42217, 2004 WL 1661983,

5

at *1 (Bankr.S.D.N.Y. June 25, 2004); *Mason v. Texaco, Inc.,* 741 F.Supp. 1472, 1504 (D.Kan.1990); *Ferrel v. IBP, Inc*., No. CIV.A. 98-4047, 2000 WL 34032907, at *1 (N.D.Iowa Apr. 28, 2000); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc*., 187 F.R.D. 578, 587 (D.Minn.1999); *Younis v. American Univ. in Cairo*, 30 F.Supp.2d 390, 395 n. 44 (S.D.N.Y.1998); *Prudential Sec., Inc. v. Norcom Devel., Inc*., No. CIV.A. 97-6308, 1998 WL 397889, at *5 (S.D.N.Y. July 16, 1998); *Stone v. Morton Int'l, Inc.,* 170 F.R.D. 498, 500-01 (D.Utah 1997); *Venzor v. Chavez Gonzalez*, 968 F.Supp. 1258, 1267 (N.D.Ill.1997); *Nat'l Prop. Investors, VIII v. Shell Oil Co.*, 917 F.Supp. 324, 329 (D.N.J.1995); *M.F. Bank Restoration Co. v. Elliott, Bray & Riley, No.* CIV.A. 92-0049, 1994 WL 719731, at *8 (E.D.Pa. Dec. 22, 1994). Despite this uncertainty, the plaintiffs did not take precautions to depose a corporate representative or assure the availability of the testimony of a corporate representative.

The plaintiffs further argue that Rule 30(b) requires the corporation to produce a knowledgeable representative for deposition. However, it does not state that such must be available after discovery has closed. The defendants never made any representations that a representative would be present at trial, and the record is devoid of any efforts the plaintiffs made to secure the testimony of a corporate representative prior to the close of discovery.[1]

Even if the court were to recognize trial depositions as distinct from discovery, the

---

[1] This is further support that the plaintiffs' motion should be denied. The plaintiffs argue that the amendment to Rule 45 was the cause of their failure to conduct a deposition. However, the previous version of Rule 45 allowed the court to subpoena a corporate officer who resided more than 100 miles from the court. The plaintiffs now request a knowledgeable witness, who, like Simpson, may not be an officer of the company. Therefore, the plaintiff had no reason to believe that the defendants would have a knowledgeable witness present at the trial, and its request resounds of one for discovery rather than for a "trial deposition". Because the plaintiffs have not provided any explanation of their failure to request such a deposition before discovery closed, they have failed to show good cause.

plaintiffs' request to take a deposition of a Tricam representative is outside the scope of what is contemplated to be a trial deposition. Trial depositions are limited to preserving testimony rather than seeking out new information. The plaintiffs have not shown that the information sought by the proposed deposition of a Tricam representative would be limited to this purpose. Additionally, although a Tricam representative may be unavailable for trial— something the plaintiffs should have considered earlier — permitting the plaintiffs to take the deposition on the eve of trial could only result in prejudice to the defendants.

      The plaintiffs also moved to take the trial deposition of Simpson. The plaintiffs explained that Simpson's testimony currently is available only in a form that is not binding on the corporation and is assembled in a way that would not facilitate presentation at trial. The plaintiffs again urge that the amendment to Rule 45 makes Simpson's trial deposition necessary because they learned only after the amendment that Tricam did not intend to produce a corporate representative as a witness at trial. The court already has rejected the plaintiffs' argument that the amendment to Rule 45 is good cause for amending the discovery deadline, as it never was clear that the court could subpoena a corporate representative residing more than 100 miles away. Additionally, the defendants state that Simpson was not a corporate executive and would not have been subject to subpoena even if Rule 45 did extend the court's power to subpoena corporate executives prior to the amendment.

      The plaintiffs have explained why they did not conduct Simpson's deposition in a way that would be binding on the corporation or would facilitate presentation at trial prior to the discovery deadline. Even if the previous version of Rule 45 was applicable, Simpson was not an officer of Tricam and never could have been subpoenaed to appear. The defendants further

make clear that they never intended to have Simpson testify. Even under *Bamcor v. Jupiter Aluminum Corp*., 2010 WL 4955545 (N.D. Ind. Nov. 29, 2010)*,* on which the plaintiffs rely, the court considered whether the plaintiffs had good cause for their failure to conduct the deposition within the discovery period. Here, the record is without explanation. The plaintiffs have not shown that they were diligent, did not have adequate time to conduct the depositions, or that any other circumstance prevented them from taking the deposition within the discovery period.

Additionally, the defendants argue that it would be cumulative and duplicative to allow the plaintiffs to conduct a second deposition. The deposition of a witness may be used at trial if the court finds that the witness is greater than 100 miles from the place of trial. Therefore, Simpson's deposition can be used in its present form, and allowing a second deposition to elicit the same testimony would be cumulative. Although Simpson is not available to testify at the trial— a fact that has not changed since the plaintiffs took Simpson's deposition — the plaintiffs have not explained why they did not conduct the deposition in the manner they preferred for presentation at trial when they first conducted Simpson's deposition, nor have they demonstrated that his testimony is unavailable. Rather, they have only shown that the deposition they previously took is now insufficient for their purposes. A second deposition is not warranted under these circumstances.

ENTERED this 4th day of March, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge