UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KURT STUHLMACHER and<br>KELLY STUHLMACHER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Cause No. 2:10-cv-467<br>) |
| THE HOME DEPOT U.S.A., INC. and<br>TRICAM INDUSTRIES, INC., | )<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Enforce Settlement [DE 115] filed by the plaintiff, Kelly Stuhlmacher, on November 21, 2016. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiffs, Kurt and Kelly Stuhlmacher, brought a product liability action against the defendants, Home Depot U.S.A., Inc. and Tricam Industries, Inc., in Lake County Superior Court. On November 24, 2010, the defendants removed the case to this court on the basis of diversity jurisdiction. After the plaintiffs presented evidence, a directed verdict was entered for the defendants. Upon review, the United States Court of Appeals for the Seventh Circuit reversed the decision and remanded it for trial.

The parties began engaging in settlement discussions in January of 2015. On May 7, 2015, plaintiffs' counsel sent defendants' counsel an email agreeing to settle the case for $50,000.00. Defendants' counsel sent plaintiffs' counsel the Release and Settlement of Claim and stated that the check would be mailed upon receipt of the signed release. The plaintiffs filed

a Stipulation of Dismissal, which this court granted and dismissed the case with prejudice. The court retained jurisdiction for the purpose of the execution of settlement documents and settlement enforcement.

On November 17, 2014, Kurt was charged, and has since been convicted, with attempted murder in the Jasper County Superior Court. Counsel for the plaintiffs advised defendants' counsel that the Release would take time to get signed because Kurt and Kelly were involved in divorce proceedings and Kurt was being difficult and uncooperative. During the divorce proceedings, an order granting Kelly's Emergency Motion to Direct Execution of Settlement was filed in the Jasper Circuit Court. Pursuant to the court order, the Release was signed by Kelly and "Kurt Stuhlmacher by Wayne Simmons, Wayne Simmons as Commissioner." Kurt filed a Motion to Correct Errors arguing that he was not brought from the Jasper County Jail to attend the hearing on the motion and that it was within his rights to decide whether to enter into the settlement. On June 17, 2015, the court granted the Motion to Correct Errors. In July of 2015, the firm Lucas, Holcomb, & Medrea, who represented Kurt and Kelly in this matter, filed a breach of contract action against them in Lake County Superior Court and were granted default judgment in the sum of $82,012.12.

On March 17, 2016, a Property Settlement Agreement was entered in the plaintiffs' divorce proceeding. The agreement states:

> The Husband is hereby awarded his interest in the pending lawsuit wherein the Husband is the plaintiff, which arose out of personal injuries he received, now pending in the Northern District of Indiana, and the Husband shall hold the Wife harmless from any and all debt, including the judgment entered in favor of the Husband's previous counsel and against the Husband and Wife, which arose out of said litigation, and hold the Wife harmless from such debts, costs, expenses, and judgments.

James L. Clement, Jr., who previously represented the plaintiffs, filed the Motion to Enforce the Settlement [DE 115] on behalf of Kelly Stuhlmacher. Kelly has requested the court to order the payment of the settlement proceeds to her with or without a fully executed Release and Settlement of Claim or appoint a Commissioner to execute the Release on behalf of Kurt. The defendants filed a Response in Opposition [DE 117].

*Discussion*

The court had jurisdiction over the underlying suit, but jurisdiction does not extend automatically to the enforcement of a settlement agreement. "The Supreme Court has stated that the enforcement of a settlement agreement 'requires its own basis for jurisdiction,' and that it is not simply a continuation or renewal of the original (dismissed) suit." **Pollack v. Rosalind Franklin University**, 2006 WL 3783418, *2 (N.D. Ill. 2006) (citing **Kokkonen v. Guardian Life Ins. Co.**, 511 U.S. 375, 378, 114 S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994)). There must be a deliberate retention of jurisdiction. **McCall-Bey v. Franzen**, 777 F.2d 1178, 1189-1190 (7th Cir. 1985). To accomplish this, the court specifically must state its intent to retain jurisdiction in its order dismissing the case or incorporate the terms of the dismissal in its order, as the court has done in this matter. *See* **Kokkonen**, 511 U.S. at 378, 114 S.Ct. at 1675-1676.

A settlement agreement of federal claims is enforceable "just like any other contract." *See* **Dillard v. Starcon Int'l, Inc.**, 483 F.3d 502, 506 (7th Cir. 2007) (quoting **Lynch, Inc. v. SamataMason Inc.**, 279 F.3d 487, 489 (7th Cir. 2002)); *see also* **Kokkonen v. Guardian Life Ins. Co. of Am.**, 511 U.S. 375, 380–82, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). However, state law governs whether the parties made a contract, so Indiana law applies here. **Dillard**, 483 F.3d at 506. Under Indiana law, the elements of a binding contract include an offer, acceptance of the offer, consideration, and meeting of the minds between the parties. *See* **Bennett v.**

*Broderick*, 858 N.E.2d 1044, 1048 (Ind. Ct. App. 2006). A meeting of the minds of the contracting parties, having the same intent, is essential to the formation of a contract. *Zimmerman v. McColley*, 826 N.E.2d 71, 77 (Ind. Ct. App. 2005); *Wallem v. CLS Indus., Inc.*, 725 N.E.2d 880, 883 (Ind. Ct. App. 2000). The intent relevant in contract matters is not the parties' subjective intents but their outward manifestation of it. *Zimmerman*, 826 N.E.2d at 77; *Centennial Mortgage, Inc. v. Blumenfeld*, 745 N.E.2d 268, 277 (Ind. Ct. App. 2001). Furthermore, the party seeking to enforce a contract bears the burden of proof to establish its existence. *First Nat'l Bank of Logansport v. Logan Mfg. Co., Inc.*, 577 N.E.2d 949, 953 (Ind. 1991).

On May 7, 2015, plaintiffs' counsel sent defendants' counsel an email accepting the defendants' offer of $50,000.00 to settle the matter. However, the defendants have argued that the settlement agreement is not enforceable. First, the defendants contend that Kurt's failure to sign the release indicated that he rejected the offer. Defendants' counsel represents that plaintiffs' counsel was aware that payment was conditioned on both Kelly and Kurt signing the Release. Also, the defendants contend that plaintiffs' counsel may not have had authority to settle the dispute. An attorney's authority to agree to an out-of-court settlement will not be presumed, and the burden of proof rests on the party alleging authority to show that fact. *Magallanes v. Illinois Bell Telephone Co.*, 535 F.3d 582, 584 (7th Cir. 2008). Kurt's refusal to sign the Release, the Motion to Correct Errors, and the Property Settlement Agreement suggest that he did not give counsel the authority to settle the dispute.

The defendants also make the argument that if a contract was entered into, Kurt was the first to breach by not signing the Release and thus cannot sue to enforce it. If a party breaches the contract, that party may not maintain an action against the other party to enforce the contract.

4

*See* **Harold McComb & Son, Inc. v. JPMorgan Chase Bank, NA,** 892 N.E.2d 1255, 1258 (Ind. Ct. App. 2008).

The defendants contend that the Motion to Enforce Settlement [DE 115] was filed on Kelly's behalf. Yet, Kelly lacks standing to enforce the agreement after she renounced her interest in the outcome of this matter by virtue of the Property Settlement Agreement and now cannot move to enforce the settlement. When dissolving a marriage, the parties are free to draft their own settlement agreement. **White v. White**, 819 N.E.2d 68 (Ind. Ct. App. 2004). When interpreting these agreements, the general rules applicable to the construction of contracts must be applied. **Shorter v. Shorter**, 851 N.E.2d 378, 382–83 (Ind. Ct. App. 2006). Clear and unambiguous terms in the contract are deemed conclusive. **Shorter**, 851 N.E.2d at 383.

The language included in the Property Settlement Agreement was unambiguous, and the intent of the parties was clear from the written contract. When the contract terms are clear and unambiguous, the terms are conclusive, and the court does not construe the contract or look to extrinsic evidence, but will apply the contractual provisions. **Stenger v. LLC Corp.,** 819 N.E.2d 480, 484 (Ind. Ct. App. 2004). The provision at issue is:

> The Husband is hereby awarded his interest in the pending lawsuit wherein the Husband is the plaintiff, which arose out of personal injuries he received, now pending in the Northern District of Indiana, and the Husband shall hold the Wife harmless from any and all debt, including the judgment entered in favor of the Husband's previous counsel and against the Husband and Wife, which arose out of said litigation, and hold the Wife harmless from such debts, costs, expenses, and judgments.

Accordingly, Kelly has renounced any interest in this matter and lacks standing to enforce the settlement. The Property Agreement was a knowing and voluntary waiver of her right to the settlement proceeds, and the court is bound by the terms of the agreement signed by the parties.

Based on the foregoing reasons, the Motion to Enforce Settlement [DE 115] is **DENIED.**

ENTERED this 29th day of December, 2016.

                /s/ Andrew P. Rodovich
                United States Magistrate Judge